UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
STEPHEN W. PENDERGAST,                          :
                                                                      :
                        Plaintiff,         :      **MEMORANDUM &**
                                                                      :      **ORDER ON MOTION TO**
     -against-                                         :      **VACATE ARBITRATION**
                                                                      :      **AWARD AND CROSS-**
WELLS FARGO CLEARING SERVICES, LLC   :      **MOTION TO CONFIRM**
d/b/a WELLS FARGO ADVISORS,                :      **AWARD**
                                                                      :
                        Defendant.       x      3:23-CV-00259 (VDO)
------------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Stephen Pendergast ("Plaintiff" or "Pendergast") brings an application to vacate the Financial Industry Regulatory Authority ("FINRA") arbitration award issued on January 11, 2023 in the matter of *Wells Fargo Clearing Services, LLC v. Stephen Walter Pendergast*, Case No. 18-04156. Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors ("Defendant" or "Wells Fargo") brings a cross-motion for confirmation of the arbitration award in response.

For the following reasons, the motion to vacate the arbitration award is DENIED and the cross-motion to confirm the arbitration award is GRANTED.

**I.     BACKGROUND**

     **A.     The Arbitration**

On December 7, 2018, Wells Fargo initiated arbitration against Pendergast by filing a statement of claim with FINRA. (ECF No. 12-1.) Wells Fargo asserted a claim for breach of contract, asserting that Pendergast failed to make payments under three promissory notes that he executed in favor of Wells Fargo. (Def. Mem., ECF No. 12 at 1.) The arbitration hearings took place in Hartford, Connecticut between April 26, 2022 and August 29, 2022. (Pl. App., ECF No. 19-1 ¶ 5.) The three-member FINRA arbitration panel issued the following Award:

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimant the sum of $536,651.43 in compensatory damages, inclusive of pre-award interest from November 29, 2017, through November 29, 2022.

2. Respondent is liable for and shall pay to Claimant interest on the unpaid principal balance at the contract rate through and including the date the award is paid in full.

3. Claimant's request for attorneys' fees is denied.

4. Respondent's Counterclaim is denied.

5. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, treble damages, and attorneys' fees, are denied.

(ECF No. 19-1 at 8.) The panel also assessed a variety of fees to both Pendergast and Wells Fargo. (*Id.* at 8-9.)

### B. Procedural History

On February 10, 2023, Pendergast filed an application to vacate the arbitration award rendered on January 11, 2023 in the matter of *Wells Fargo Clearing Services, LLC v. Stephen Walter Pendergast*, Case No. 18-04156 in the Connecticut Superior Court of the Judicial District of Litchfield. (*See* ECF No. 1; ECF No. 12 at 2.) Wells Fargo removed the case to federal court on February 27, 2023. (*Id.*) On March 3, 2023, Wells Fargo filed a cross-motion to confirm the arbitration award. (ECF No. 12.)

## II. LEGAL STANDARD

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), "provides the exclusive, and limited, authority for federal court review of an arbitral award." *Arrowood Indem. Co. v. Trustmark Ins. Co.*, 938 F. Supp. 2d 267, 272 (D. Conn. 2013), *aff'd*, 560 F. App'x 75 (2d Cir. 2014) (citing *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)). "Normally,

confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]" *R & Q Reinsurance Co. v. Utica Mut. Ins. Co.*, 18 F. Supp. 3d 389, 392 (S.D.N.Y. 2014) (internal quotation marks omitted).

A district court may vacate an arbitral award under Section 10 of the FAA only if the arbitrator demonstrated a "manifest disregard of the law." *See Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451–52 (2d Cir. 2011). "Manifest disregard is a severely limited doctrine that imposes a heavy burden on the party seeking to vacate an arbitral award." *Sotheby's Int'l Realty, Inc. v. Relocation Grp., LLC*, 588 F. App'x 64, 65 (2d Cir. 2015); *see also Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004) ("Our cases demonstrate that we have used the manifest disregard of law doctrine to vacate arbitral awards only in the most egregious instances of misapplication of legal principles."). "A party seeking to vacate an arbitration award on the basis of manifest disregard of the law must satisfy a two-pronged test, proving that: (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110–11 (2d Cir. 2006) (internal citation and quotation marks omitted); *see also Hernandez v. JRK Residential Grp., Inc.*, No. 3:18-CV-558 (SRU), 2021 WL 6498198, at *3–4 (D. Conn. June 25, 2021) (citing *Gottdiener*, 462 F.3d at 111).

### III.  DISCUSSION

Contracts that involve interstate commerce are governed by the FAA, not the analogous Connecticut statute that Pendergast cites in his application. *See* ECF No. 19-1 at 1; *Hottle v. BDO Seidman, LLP*, 74 Conn. App. 271, 276 (Conn. App. Ct. 2002) (the term "involving commerce" as used in section 1 of the FAA is equivalent to "affecting commerce" and signals

3

an intent to exercise Congress' commerce power to the full). Section 10(a) of the FAA authorizes a district court to vacate an arbitration award on only four specific and limited grounds:

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011).

Pendergast objects to the Award on the grounds that (1) it was procured by undue means; (2) the arbitrators exceeded their powers; and (3) the Award violates public policy. (ECF No. 19-1 at 3.) Pendergast neither provides <u>any</u> legal arguments for this one-paragraph allegation nor submits any filings or transcripts from the arbitration proceedings to support his claims. While the Court recognizes that Pendergast is proceeding *pro se*,[1] the lack of a scintilla of evidence in support of vacating the arbitration award cannot be disregarded. Plaintiff's cursory statements, which simply paraphrase the enumerated grounds to vacate an arbitration award stated in the FAA, raise no justifiable basis to vacate the arbitration award because they fail to clear the "high hurdle" to obtain such relief. *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *see also Tobjy v. Citicorp/Inv. Servs.*, 111 F. App'x 640, 641

---

[1] The Court notes that Pendergast was represented by counsel in the arbitration. (ECF No. 19-1 at 6.)

(2d Cir. 2004) (affirming denial of motion to vacate arbitration award because *pro se* plaintiff "fail[ed] to submit any evidence in support of [his] allegations"). Accordingly, the Court will not vacate the Award, and instead will confirm it.

## IV. CONCLUSION

For the foregoing reasons, the Application to Vacate the Arbitration Award is **DENIED**, and the Cross-Motion for Confirmation of the Arbitration Award is **GRANTED**.

Because the Court has decided to deny Pendergast's motion to vacate the arbitration panel's award and instead confirms it, Wells Fargo is entitled to interest "from the date of the award" at Connecticut's legal rate, "the state where the award was rendered." FINRA Code Rule 13904(j)[2]; *see also Key Inv. Servs., LLC v. Oliver*, No. 3:22-CV-1161 (VAB), 2023 WL 7006220, at *8 (D. Conn. Sept. 8, 2023) (applying FINRA Code Rule 13904(j) to assess interest at Connecticut's legal rate to arbitration award); *Morgan Stanley Smith Barney LLC v. Walker*, No. 17-CV-05635, at *6 (E.D. Pa. June 1, 2018) (applying FINRA Code Rule 13904(j) to award interest "to the unpaid monetary awards from the date of the award"). Under Conn. Gen. Stat. § 37-1, interest accrues at an annual rate of eight (8) percent "from the date of maturity of a debt." *Sikorsky Fin. Credit Union, Inc. v. Butts*, 108 A.3d 228, 230 (Conn. 2015) (quoting Conn. Gen. Stat. § 37-1(b)). Accordingly, Wells Fargo is entitled to an order assessing eight (8) percent interest on the Award of $536,651.43 from the date of the Award, January 11, 2023, until today's date, which results in a total award of **$579,701.18**.

---

[2] FINRA Code Rule 13904(j) states, "An award shall bear interest from the date of the award: (1) If not paid within 30 days of receipt; (2) If the award is the subject of a motion to vacate which is denied; or (3) As specified by the panel in the award. Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrators."

**SO ORDERED.**

Hartford, Connecticut
January 12, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge